

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Dr. J. C. Blair, President
State Board of Education
Kerens, Texas

Dear Sir:

Opinion No. O-401
Re: Contract for the binding or
rebinding of textbooks --
Authority of the State
Board of Control and the
State Board of Education,
respectively.

This will acknowledge receipt of your letter of December 4, 1939, submitting the following questions, to-wit:

"1. Is the authority to enter into a contract for the binding or rebinding of textbooks vested in the State Board of Education, or is it vested in the State Board of Control?

"2. In the event you hold that the authority to advertise for and enter into a contract for the binding or rebinding of free textbooks is vested in the State Board of Control, does the State Board of Education have the authority to extend the term of such a contract heretofore entered into by the State Board of Control?

"3. In the event you hold that the State Board of Control has the exclusive authority to advertise for and let contracts for binding or rebinding of textbooks, then (1) does the State Board of Education have the authority to prescribe the standards and specifications for such binding or rebinding upon which the contract is to be let; (2) does the State Board of Education have the authority to prescribe the amount of the performance bond to be executed by the rebindery?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Article 608, R. C. S., in defining the duties of the Board of Control, declares:

"The Board shall contract for a term of not exceeding two years with responsible persons, firms, corporations or associations of persons, who shall be residents of Texas, for supplying to the State all printing, binding, stationery and supplies of like character for all departments, institutions and boards, save and except such work as may be done at the various educational and eleemosynary institutions. Said contract shall be let to the lowest and best responsible bidder after public advertising of such proposed letting for once a week for four consecutive weeks in at least six newspapers of general circulation in this State. No two of such papers shall be published in the same county. The Board may reject any and all bids; the reason therefor shall be entered in full in the minutes of the Board and shall be open to the inspection of the public at all times. New contracts shall be made in the same manner as hereinbefore provided."

In an opinion under date of October 13, 1931, this department advised Hon. S. M. N. Marrs, State Superintendent and ex officio Secretary State Board of Education, that under the provisions of this Article the statutes conferred the power of rebinding books upon the Board of Control, and that the State Board of Education was without such authority.

It has been the unbroken practice of the Board of Control, so we are advised, to let such contracts. Moreover, there is no provision of the statute setting up any machinery or prescribing rules for letting of such contracts by the Board of Education. If the Board of Education has such powers, then, so far as the statute is concerned, it would be authorized to make any character of contract it might see fit; that is to say, it is not required to let such contract upon public bids or after any manner of advertising whatsoever. Whereas, the statutes set up complete rules and regulations for the letting of such contracts by the Board of Control. This evidences the legislative intention with respect to such contracts.

So that, upon these considerations, you are advised that your first question should be answered to the effect that the Board of Education has no authority to let a contract for the rebinding of used school textbooks, and that the Board of

Control has the exclusive authority so to do.

What we have said necessarily answers your further questions "2" and "3".

The matters mentioned in questions "2" and "3" are incidents of the contract itself and therefore follow the right of contract as a part thereof, and none of such acts or matters mentioned may be done or performed so as to interfere with the primary authority of the Board of Control to enter into such contracts. These questions are therefore answered "No".

Very truly yours

ATTORNEY GENERAL OF TEXAS

By                    Ocie Speer
                       Assistant

OS-MR

APPROVED JAN 16, 1940

ATTORNEY GENERAL OF TEXAS